**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>         v. )<br>)<br>MIKEY LUKE, )<br>)<br>         Defendant. )<br>_____) | Criminal Action No. 2021-0011 |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
**Daniel H. Huston, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Renee D. Dowling, Esq.**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Government's "Motion in Limine" ("Motion") (Dkt. No. 86); Defendant Mikey Luke's Opposition thereto (Dkt. No. 93); and the Government's Reply (Dkt. No. 101). For the reasons that follow, the Court will grant in part and deny as moot in part the Government's Motion.

### I. BACKGROUND

On October 30, 2023, the Government filed a two-count Superseding Indictment against Defendant Mikey Luke, charging him with Possession of Marihuana with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii), and Maintaining Drug-Involved

Premises, in violation of 21 U.S.C. § 856(a)(1). (Dkt. No. 87).[1]

On October 27, 2023, the Government filed its Motion seeking to preclude Defendant from "raising any potential jury nullification issues at the upcoming jury trial." (Dkt. No. 86 at 3). Specifically, the Government seeks to preclude the introduction of evidence at trial pertaining to: 1) the decriminalization of marihuana, 2) any penalties for the offenses with which Defendant has been charged, and 3) any claims of selective prosecution. *Id.* at 3. The Government argues that all three categories of evidence should be excluded as irrelevant under Federal Rule of Evidence ("FRE") 401 and FRE 402, and also as more prejudicial than probative under FRE 403.

On November 3, 2023, Defendant filed his Opposition, wherein he argues that he should be able to introduce evidence of the decriminalization of marihuana in the Virgin Islands and that doing so does not automatically equate to arguing for jury nullification at trial. (Dkt. No. 93 at 1). Defendant further notes that he does not intend to introduce evidence at the trial regarding the penalties for the charged offenses or selective prosecution.[2] *Id.*

On November 21, 2023, the Court held a Pre-trial Conference, at which the Court heard oral argument on the Government's Motion in Limine. Based on the written submissions and oral argument by the parties, the Court concludes that the Government's Motion will be granted insofar as it pertains to the introduction of evidence regarding the decriminalization of marihuana, and will be denied as moot as it pertains to evidence regarding penalties and selective prosecution.

---

[1] The Superseding Indictment corrected a citation error in the Indictment that the Court pointed out in its September 21, 2022 Memorandum Opinion (Dkt. No. 78 at 2 n.1) and deleted the phrase "manufacture and" from Count I, *see* (Dkt. No. 90).  While the Superseding Indictment was filed after the Government's Motion, neither the Government nor Defendant argues that the Superseding Indictment's changes have any bearing on the Government's Motion. Moreover, Defendant notes that he "does not seek a new trial date based on the new charging document." (Dkt. No. 99 at 1).

[2] Since Defendant represents to the Court that he does not intend to introduce evidence of the possible penalties for the charged offenses or of selective prosecution, those issues are moot.

## II.     APPLICABLE LEGAL PRINCIPLES

FRE 401 provides that "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In turn, FRE 402 provides that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "[T]he burden of establishing the admissibility and relevance of evidence rests on the proponent." *Phillips v. Potter*, 2009 U.S. Dist. LEXIS 73601, at *1 (W.D. Pa. Aug. 19, 2009).

"[FRE] 403 provides for the exclusion of relevant evidence where its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, or certain other risks." *United States v. Phillip*, 2023 U.S. Dist. LEXIS 67537, at *1-2 (D.V.I. April 18, 2023) (citing Fed. R. Evid. 403). Exclusion under FRE 403 "would require a finding that the evidence would create an undue tendency to suggest decision on an improper basis, and that such tendency substantially outweighs the evidence's usefulness in proving a fact or element of the crime charged." *United States v. George*, 2014 U.S. Dist. LEXIS 195073, at *3 (D.V.I. July 8, 2014) (internal quotation omitted). Jury nullification is an improper basis for a jury decision. *United States v. Scott*, 2019 U.S. Dist. LEXIS 124482, at *2 (D.N.J. July 25, 2019) ("jury nullification is clearly prohibited").

## III.     DISCUSSION

The Government argues that "marijuana is illegal under federal law" and therefore "[a]ny reference to the decriminalization of marijuana locally or in other states or jurisdictions" or "any reference to nationwide trends or potential future decriminalization movements is . . . irrelevant." (Dkt. No. 101 at 1).  In his Opposition, Defendant argues that the conflict between federal law and territorial law is "certainly relevant," but he does not provide any clarity as to what specific

3

evidence Defendant contemplates introducing related to "the decriminalization of marihuana in the Virgin Islands." (Dkt. No. 93 at 1).

At the Pre-trial Conference, Defendant's argument was twofold. Defendant first argued that his conduct was in fact legal under Virgin Islands law,[3] and that the jury had a right to consider that fact as long as Defendant did not explicitly ask the jury to disregard federal law. Defendant then argued that the introduction of the evidence pertaining to the decriminalization of marihuana under territorial law was relevant to establishing that Defendant did not intend to commit a crime and he therefore lacked the requisite knowledge to be convicted under the federal statutes at issue. Neither argument passes muster under FRE 401, 402, and 403.

Defendant bears the burden of establishing that the evidence he seeks to introduce is relevant under FRE 401. Defendant's first argument does not provide any purpose for presenting the jury with Defendant's unsupported claim that the charged conduct is legal under Virgin Islands law other than to argue for jury nullification—that is, suggesting to the members of the jury that they ignore the federal law based on Defendant's contention that there exists a conflicting territorial law. In other words, Defendant's first argument is nothing more than a thinly veiled attempt to implicitly seek jury nullification. Jury nullification is not a proper purpose for the introduction of evidence. *See United States v. Scott*, 2019 U.S. Dist. LEXIS 124482, at *2 (D.N.J. July 25, 2019).

---

[3] At the Pre-trial Conference, the parties disputed whether Defendant's charged conduct was legal under Virgin Islands law. While the Court seriously doubts that the possession of 100 or more marihuana plants without any license and with intent to distribute is legal under Virgin Islands law, the issue was not briefed by the parties and the Court therefore makes no ruling thereon. In any event, as discussed below, even if it were legal, any evidence of the decriminalization of marihuana under Virgin Islands law is irrelevant to the federal charges in this matter.

Defendant's second argument—that evidence regarding the decriminalization of marihuana under territorial law is relevant to show Defendant's lack of knowledge or intent—misconstrues the knowledge requirement at issue. There is no requirement that Defendant knew that his conduct was in violation of federal law or that he acted with the specific intent to break the law. Thus, the decriminalization of marihuana at the territorial level is irrelevant to disproving a violation of federal drug laws prohibiting the possession with intent to distribute marihuana. *United States v. Haymon*, 2021 U.S. App. LEXIS 29669 at *2 (4th Cir. Oct. 1, 2021) (rejecting the argument that "California legalized the use of medical marijuana and that his conduct was lawful under California law and therefore he did not have the requisite criminal intent to commit the conspiracy offense with which he was charged"); *United States v. Walsh*, 654 Fed. App'x. 689, 698 (6th Cir. 2016) ("The Government was not required to show that Jenkins knew of, or intended to violate, federal drug laws.").

It is undisputed that possession with intent to distribute marihuana is illegal under the federal laws Defendant is charged with violating. Thus, the Court finds that evidence of the decriminalization of marihuana under territorial law in this case is irrelevant under FRE 401. *United States v. Bilodeau*, 2022 U.S. Dist. LEXIS 181181, at *2 (D. Me. Oct. 4, 2022) ("Multiple other federal courts have concluded the evidence that a particular state has legalized medical marijuana or created a regulated marijuana market is irrelevant to whether the Government can prove a defendant violated federal drug laws prohibiting the possession and distribution of marijuana"). As such, Defendant has failed to meet its burden to show that the evidence it seeks to introduce is relevant, and the Court will therefore exclude the evidence under FRE 402.

Further, even if the local drug laws provide some background relevance to this case—a proposition with which the Court disagrees—the Court would nonetheless find that evidence of

5

decriminalization or similar local laws or policies invites jury nullification. S*ee United States v. Macinnes*, 23 F. Supp. 3d 536, 546-547 (E.D. Pa. 2014) ("Permitting such testimony could have also raised issues regarding jury nullification"); *United States v. Wall*, 2022 U.S. Dist. LEXIS 77347, at *8 n.3 (D. Md. Apr. 28, 2022) ("[A]ny reference to more relaxed marijuana laws in other jurisdictions could invite jury nullification."); *see United States v. Ruiz-Ladd*, 2021 U.S. Dist. LEXIS 128909, at *2 (W.D. Tex. July 12, 2021) ("The Court agrees that any arguments or questions to members of the jury regarding the legality of marijuana possession under Texas or other state law (versus federal law) and changing societal norms regarding marijuana possession would be an improper attempt at jury nullification."). By inviting jury nullification, the Court would find on this record that such evidence is inadmissible under FRE 403 because it "would create an undue tendency to suggest decision on an improper basis, and [] such tendency substantially outweighs the evidence's usefulness in proving a fact or element of the crime charged." *United States v. George*, 2014 U.S. Dist. LEXIS 195073, at *3 (D.V.I. July 8, 2014) (internal quotation omitted); *United States v. Macinnes*, 23 F. Supp. 3d 536, 546-547 (E.D. Pa. 2014) ("These lines of questioning were therefore properly limited under . . . the Rule 403 balancing test."); *United States v. Wall*, 2022 U.S. Dist. LEXIS 77347, at *8 n.3 (D. Md. Apr. 28, 2022) (collecting cases excluding evidence pertaining to the legal status of marihuana at the local level under FRE 403).

"The Third Circuit has stated that jury nullification 'violates [a juror's] sworn oath and prevents the jury from fulfilling [its] constitutional role.'" *United States v. Smukler*, 2018 U.S. Dist. LEXIS 185119, at *6-7 (E.D. Pa. Oct. 26, 2018) (citing *United States v. Boone*, 458 F.3d 321 (3d Cir. 2006) and *United States v. Kemp*, 500 F.3d 257, 304 (3d Cir. 2007)); *see United States v. Wise*, 581 F. Supp. 3d 656, 660-661 (D.N.J. Jan. 25, 2022) ("jury nullification is not permitted").

"Based on the Third Circuit's treatment of jury nullification, courts have granted motions seeking to prohibit jury arguments related to jury nullification." *United States v. Smukler*, 2018 U.S. Dist. LEXIS 185119, at *6-7 (E.D. Pa. Oct. 26, 2018). As one district court has aptly stated: "It is the role of the Court to instruct the jury as to the law. The Parties may not employ strategies that are intended to either usurp that role or encourage the jury to violate its oath to follow this Court's instructions. More specifically, the Court will not permit arguments which attempt to excuse violations of federal law based on either state law or policy arguments about what the law ought to be." *United States v. $114,700.00 in United States Currency*, 2019 U.S. Dist. LEXIS 199932, at *8-9 (D. Colo. Nov. 19, 2021).

Accordingly, the Court will exclude any evidence or argument regarding the local drug laws, including the decriminalization of marihuana.[4]

## IV. CONCLUSION

For the reasons set forth above, the Court will grant the Government's "Motion in Limine" (Dkt. No. 86) as it relates to any argument or evidence regarding the decriminalization of marihuana locally or in other states or jurisdictions, nationwide trends, or potential future decriminalization movements. The Court will deny as moot the Government's Motion as it relates to the penalties Defendant could face if convicted of the charged offenses and as it relates to any

---

[4] While Defendant focused his argument on the admissibility of Virgin Islands drug laws, the Government more broadly seeks to preclude the introduction of evidence pertaining to "the decriminalization of marijuana locally or in other states or jurisdictions" or "any reference to nationwide trends or potential future decriminalization movements." (Dkt. No. 101 at 1). Although the Court has focused on Defendant's arguments, the Court's ruling herein applies equally to the broader scope of evidence encompassed by the Government's Motion—namely, the introduction of evidence concerning the drug laws of other states or jurisdictions, nationwide trends, or potential future decriminalization.

claims of selective prosecution of marihuana laws, because Defendant has represented that he is not seeking to introduce any such evidence.

An appropriate Order accompanies this Memorandum Opinion.

Date: December 7, 2023                                _____/s/_____
                                                      WILMA A. LEWIS
                                                      District Judge